## SUCCESSION OF J. L. WILSON.

12 591<br>49 1335

The creditors of the succession of *W.* opposed the homologation of the administrator's account on several grounds, the principal one of which was, that the administrator had not enjoined an order of seizure and sale of a large portion of the property, when the claim on which it issued was tainted with usury. *Held :* That *W.* in his life-time had resisted the claim on that plea which had been decided adversely to him, and that it would not have been proper for the administrator again to set up the same defence. *

APPEAL from the District Court of Ouachita, *Richardson,* J.

J. *Gunett,* for the administrator. *McGuire & Ray,* for opponents and appellants.

LEA, J. *John L. Wilson* died in August, 1852, leaving a widow and four minor children. The widow renounced the community. The children are by operation of law, beneficiary heirs. *J. H. Wilson* was appointed administrator of the succession. In September of the same year, an inventory was made, and in November, 1853, the administrator filed his account.

Oppositions were filed by *H. Clore, H. Kendall, Carter & Co., C. G. Moore, Wyche & Hammet,* and *Deck & Atkin,* all judgment creditors. The widow of the deceased also filed an opposition. There was judgment homologating the account with the exception of one immaterial item. From this judgment *Carter & Co., Moore, Clore* and *Wyche & Hammet,* have appealed.

The elaborate and thorough review made by the District Judge of the facts put at issue on the pleadings and of the law applicable to the facts, relieves us from the necessity of making a detailed statement of the case, and we would consider it sufficient to refer to the opinion of the District Judge as conclusive upon the matters in issue, but for the fact that certain legal questions have been pressed upon the consideration of this court, which were not set forth in the pleadings, and which are now urged in the arguments of the counsel for the appellants as grounds for the reversal of the judgment appealed from.

The administrator shows that he had been divested by legal proceedings, on the nature of an order of seizure and sale of a large portion of the property of the succession. It appears that the plantation and slaves of the deceased were seized and sold in virtue of an executory process obtained by *H.R. W.Hill,* and the proceeds applied to the payment of the mortgage debt due to *Hill,* amounting to $27,628 81. It is contended that the administrator was guilty of neglect in not opposing this sale ; that a part of the debt had been paid ; that an injunction might have been obtained and maintained ; that a large portion of the demand was tainted with usury, and that under any circumstances the proceeds should have been brought into court and distributed under its orders, after due notice to creditors. It is further urged, that the estate being insolvent, a meeting of creditors should have been called to advise upon the terms of the sale of the property belonging to the succession.

---

* Judgment rendered, April, 1857.

If *Hill* was a mortgage creditor and was entitled under the law to an order of sale, we do not perceive how a meeting of creditors could have affected that right, and even admitting that there were irregularities in the sale, (which nothing in the record displays,) it would be necessary for the party complaining to show, that some injury has resulted from such irregularities, before he could hold the administrator liable in damages. The sale appears to have been made at a fair price, and, under the circumstances, the only question which we can entertain, is one affecting the proceeds, or a liability to account for the same.

We think it was not competent for the administrator, under the circumstances, as the representative of creditors, to have obtained an injunction on the ground of usury. An injunction involving the same matter of defence had been obtained by *Wilson* himself, and had been abandoned by him after a litigation which was terminated by a judgment in favor of *Hill.* That judgment was binding upon his succession and constituted *res judicata* as between *Hill* and the administrator. It is urged, however, that the administrator should account for the proceeds, precisely in the same manner as if they had been realized upon a sale made at the instance of the administrator himself.

A tableau of distribution, by its very name, implies a control of the fund to be distributed. If the administrator has a larger fund in hand than he proposes to distribute, this fact constitutes a legitimate ground of opposition. If by his neglect he has failed to realize funds which he ought to have in hand, this fact also may be urged by way of opposition.

In the case at bar, it is not pretended that the administrator actually received the price for which the plantation sold, and unless it can be shown that at the time of the sale there existed a valid defence to the action, which was known to the administrator, and of which he neglected to avail himself, it is impossible for us to imagine upon what legal or equitable grounds he can be made personally liable for the proceeds of the sale.

It does not appear from the evidence, that the grounds of opposition now set up by the opposing creditors, even assuming their validity, were known to the administrator. It has been held in the case of *Boguell* v. *Faille,* 1 An. 204, that a creditor having a special mortgage importing a confession of judgment, may obtain an order from a court of ordinary jurisdiction, for the seizure and sale of the hypothecated property, though the mortgagor afterwards died and his succession had been accepted by the heirs with benefit of inventory.

The effect of such a proceeding is necessarily to divest the administrator of his possession, and place it in the hands of the Sheriff. We concur with the District Judge, that there is nothing disclosed by the evidence which brings home to the administrator a neglect of duty, or which made it incumbent upon him to encumber the succession with costs, to be incurred in a fruitless litigation. We do not think that the portion of *Hill's* claim, which was paid by *Williams, Philips & Co.,* was extinguished by such payment, as it was made under an existing contract of subrogation.

Lastly, it is urged that the notes and mortgage having been merged in a judgment, they became extinguished by novation, though it is admitted that the judgment itself decrees that the mortgage shall remain in force to secure the payment of the judgment. If this doctrine were correct, the highest possible recognition of a right would virtually extinguish it.

We shall not attempt any further analysis of the complicated issues presented in the pleadings and pressed upon us in the arguments of counsel. We refer to the opinion of the District Judge, as containing a careful and lucid statement of the facts, and a sound exposition of the law.

It is ordered, that the judgment be affirmed, and that the transcript of appeal, together with this decree, be forwarded to Monroe, to be there proceeded in according to law.